IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE AGUIRRE, <br> Institutional ID No. 2116682, <br> SID No. 7061469, <br> Previous TDCJ ID Nos. 1752658, 1828638, <br> 1905776, <br><br> Plaintiff, <br><br> v. <br><br> OLIVER L. VASQUEZ, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 5:19-CV-029-BQ <br> ECF |

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was transferred to the magistrate judge by order dated April 1, 2019. ECF No. 9. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that Aguirre's claims against Texas Department of Criminal Justice (TDCJ) employees Captain Oliver Vasquez and Correctional Officers (C.O.) Francisco Flores and Ernest Lopez for excessive use of force in violation of the Eighth Amendment survive preliminary screening. *See* ECF No. 15. Consequently, the Court entered an order requiring Defendants to answer or otherwise plead to such claims. *Id.* Defendants filed their Answer on July 11, 2019. ECF No. 19. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendants' Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

### I.     Discussion

The undersigned previously found that Aguirre's claims for excessive force survive preliminary screening. *See* ECF No. 15. Aguirre's excessive force claim arises under the Eighth Amendment. To establish a constitutional violation for excessive use of force by a prison official,

1

a plaintiff must show that the defendant unnecessarily and wantonly inflicted pain. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Whether an official's use of force is unnecessary or wanton depends on if the "force was applied in a good-faith effort to maintain or restore discipline or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320). In *Hudson*, the Supreme Court emphasized that a plaintiff must establish both a subjective and objective component. Specifically, a plaintiff must demonstrate that (1) an official acted with a "sufficiently culpable state of mind" and (2) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991)). Factors relevant to this determination include, but are not limited to, the following: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officers; and (5) any efforts officers made to temper the severity of a forceful response. *See id.* at 7; *Baldwin v. Stadler*, 137 F.3d 836, 838 (5th Cir. 1998) (citing *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)).

Here, Aguirre alleges that on November 28, 2018, Captain Vasquez and C.O.s Flores and Lopez used excessive force against him. Compl 3–4, ECF No. 1. Specifically, Aguirre claims Vasquez "punched, kicked, and choked [him] and . . . slammed [his head] on the ground multiple times" and that Flores and Lopez "struck" him "on [his] ribs [and the] back of [his] head," without any lawful basis or justification. *Id.* at 3. At the evidentiary hearing, Aguirre testified that Vasquez, Flores, and Lopez assaulted him prior to placing him in Administrative Segregation (Ad. Seg.). Tr. 1:59:10. Aguirre explained that, after Aguirre slammed a door, Vasquez came up from behind and forced him to the ground. Tr. 2:03:30. Aguirre further testified that, after falling to the ground, Vasquez struck him several times on his face and head, Lopez struck his sides three times, and Flores grabbed and struck his legs three times. Tr. 2:06:00–2:08:15. Aguirre denied

2

resisting the officers' orders at any point during the altercation. Aguirre alleges Vasquez, Flores, and Lopez then placed him in hand restraints, lifted him off the floor, and escorted him to medical. 2:09:00. Aguirre further asserted that, on each of the two days following the initial use of force, Captain Vasquez entered his cell and assaulted him, striking his sides three times the day after the initial incident and his chest several times the next day. Tr. 2:20:40, 2:22:20. Aguirre claims these events caused personal injury, including blurry vision in his left eye, a cut under his left eye, scratches and bruises to his face, and bruises on his head, sides, and chest. Tr. 2:09:45. The records and Aguirre's testimony also show officers used chemical agents to induce compliance with a strip search after the alleged use of force; however, Aguirre clarified at the *Spears* hearing that he does not allege any violation of his rights related to such use of chemical agents. Tr. 2:17:00.

At this stage of the proceedings, Aguirre's allegations, taken as true, state a claim sufficient to survive preliminary screening, i.e., an excessive force claim under the Eighth Amendment against Defendants Vasquez, Flores, and Lopez. *See, e.g.*, *Oliver v. Collins*, 914 F.2d 56, 59 (5th Cir. 1990) (reversing district court's dismissal of excessive force claim where prisoner alleged "there was no provocation, and no force or other actions whatever were even apparently called for"); *Hudson v. McAnear*, C.A. No. C–09–327, 2011 WL 67199, at *9–10 (S.D. Tex. Jan. 10, 2011) (denying summary judgment in favor of prison guard on prisoner's excessive force claim in part because evidence did not resolve "whether the *degree* of force was appropriate under the circumstances" or if the defendant applied the force "with malicious or sadistic intent" (emphasis in original)); *Davis v. Kuykendall*, Civil Action No. 6:04v500, 2008 WL 4112778, at *5 (E.D. Tex. Sept. 3, 2008) (denying summary judgment in favor of prison officers on excessive force claim because "although [plaintiff] may have been partially at fault in creating a need for a use of force, the [officers'] responses were arguably excessive to the need which existed").

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:19-CV-029-C.

## II.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 23, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE